## In re BELLIS.
### Patent Appeal No. 2563.

Court of Customs and Patent Appeals.

Dec. 19, 1930.

C. P. Goepel and M. C. Lyddane, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the action of the Examiner finally rejecting all four of appellant's claims relating to a method of annealing carbon steel.

"4. A method of annealing carbon steel wire in coil form which consists in immersing a wire coil with its convolutions perpendicularly positioned within a nonviscous, highly fluid heat transferring salt bath, heating said bath to subject the wire coil to the annealing temperature for the required period of time, then elevating the wire coil above the bath solution to permit the surplus bath material to rapidly drain from the wire and exposing the wire to the action of a cooling agent to effect a rapid reduction in the temperature thereof."

The reference relied upon for rejection is Eaches, 808,911, January 2, 1906.

As a further ground of rejection, the patent tribunals concurred in the opinion that

there was no identity between the claims and the original disclosures, since each of the appealed claims called for a rapid cooling of the metal after removal from the bath, which rapid cooling feature was not in the application as filed but was introduced by an amendment filed later, as found in the claims on appeal.

It will not be necessary for us to discuss or pass upon the second ground for rejection, inasmuch as we must affirm the decision of the Board upon its first ground of rejection.

Applicant's disclosure relates to a method of annealing carbon steel wire in coil form, which method consists in immersing the wire coil, perpendicularly positioned, within a nonviscous, highly fluid heat-transferring salt bath, contained in a pot or crucible, and leaving same so immersed until the steel reaches the annealing temperature, then elevating the steel from the bath and permitting the surplus bath material to rapidly drain away therefrom, and thus effect what applicant states as being "a relatively rapid reduction in temperature" of the steel.

The Eaches method of annealing metal is by using a salt bath, and he states that the baths are desirable in annealing iron, steel, or copper wire. The matter to be annealed is immersed in a salt bath of stated composition and allowed to remain until heated to a sufficient temperature, usually that of the bath itself. The article is then withdrawn from the bath and allowed to cool.

Appellant claims that he has invented a method to expedite the annealing process which permits a material increase in the production of the annealed product and economy in the operation of each heat-treating unit over that which was possible in the prior art processes or methods of annealing.

We agree with the conclusion reached by the Board of Appeals that the claims should be rejected for lack of patentable novelty over the disclosure of Eaches. The rapid cooling feature is nothing more than the inevitable consequence of the particular kind of bath used. Patentability, under the circumstances of this case, can hardly rest in the fact that one bath has more fluidity than the other.

In Bellis Heat Treating Co. v. Heatbath Corp. et al. (C. C. A.) 23 F.(2d) 239, the particular heat-treating bath in Eaches was held unpatentable.

The decision of the Board of Appeals is affirmed.

Affirmed.